CASE 92—INDICTMENT FOR MISDEMEANOR—JANUARY 20.

# Commonwealth v. Gaither.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

CRIMINAL LAW—ACTING AS INSURANCE AGENT WITHOUT LICENSE.—
One who solicits insurance by contract with an agent, but who
has no contract relations with the insurance company, is an
agent within the meaning of section 633 of the Kentucky Stat-
utes, prescribing a penalty for acting as agent of an insurance
company without license, and declaring one to be an agent "who
solicits and receives application for insurance on behalf of an
insurance company, or who shall, in any manner, directly or
indirectly aid or assist in transacting the insurance business of
any insurance company."

CLIFTON J. PRATT, ATTORNEY-GENERAL, AND W. F. BRADSHAW
FOR APPELLANT.

Section 633 of the Kentucky Statutes defines agent, and that
definition must control.

No APPEARANCE FOR APPELLEE.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Appellee was charged by the grand jury of McCracken
county with the offense of acting as agent of a foreign
life insurance company, and as such soliciting and receiv-
ing an application for insurance on behalf of said com-
pany from one Gleason, without first procuring a license
from the Insurance Commissioner to act as such agent.
The trial resulted in a verdict and judgment of acquittal.

Appellee testified "that he was employed by one Greer
to solicit insurance for the United States Benevolent So-
ciety of Saginaw, Mich., and that he solicited an applica-
tion from Gleason, wrote out the application him-
self on some blank forms furnished him by Greer,
and that after Gleason had signed the application he

collected from him five dollars, the initiation fee, and de-
livered both the application and money to Greer, who
mailed it to the society at Saginaw, Mich.; that at the time
he presented the application to Gleason he was not in the
employ of the United States Benevolent Society of Sag-
inaw, Mich., nor authorized by them to solicit insurance
or aid in the transaction of their business; that he was
employed solely by Greer to solicit for him, and that he
did not deliver the policy issued by the association to
Gleason."

Upon the trial, the jury were told, in the fourth in-
struction given to them by the court, that, "in order for
the defendant to have been the agent of the insurance
company, said company must have appointed him such
agent; and unless you shall believe from the evidence,
beyond a reasonable doubt, said company had so ap-
pointed defendant its agent, or unless the company knew
of the service he rendered at the request of Greer and
ratified it, the law is for the defendant, and you will find
him not guilty."

This prosecution is based on section 633 of the Ken-
tucky Statutes, which is as follows:

"Licenses to agents of foreign companies must be re-
newed annually in the same manner as original licenses,
upon a finding by the commissioner that the company rep-
resented by the agent has fully complied with the law,
and maintains its required capital and reserve; and who-
ever solicits and receives application for insurance on
behalf of any insurance company, or transmits for any
person other than himself an application for insurance,
or a policy of insurance to or from such company, or ad-
vertises that he will receive or transmit the same, or who
shall, in any manner, directly or indirectly, aid or assist

in transacting the insurance business of any insurance
company, shall be held to be the agent of such company
within the meaning of this article, anything in the pol-
icy or application notwithstanding; and any person act-
ing as the agent of any company within the meaning of
this section, without first procuring and having a license
from the commissioner to act as such agent, or, after such
license has expired, been suspended or revoked, or who
shall procure any premium or obligation therefor by fraud-
ulent representations, shall be deemed and held to be
guilty of a misdemeanor, and upon conviction of such of-
fense, shall be fined not less than fifty not more than
one hundred dollars for each offense."

In this case, the United States Benevolent Society of
Saginaw, Mich., had no authority to do business in this
State, and appellee had received no license from the in-
surance Commissioner to represent them as agent.

At the common law, an agent was one who undertook
to transact some business for another by the authority
and on account of the latter, and to render an account
of it; but the statute is much broader in its terms and
application, and holds one to be an agent "who solicits
and receives application for insurance on behalf of any
insurance company, or who shall, in any manner, directly
or indirectly, aid or assist in transmitting the insurance
business of any insurance company," whether he had been
authorized to act as such agent by the company or not.
The object of the law is to protect citizens of this State
from bankrupt and fraudulent insurance companies, as
well as to secure the payment of some revenue from for-
eign insurance companies for the right to do business in
this State, and the statute would be futile to effect these
ends if unlicensed persons could solicit insurance and

transact the business of the company as subagents, and escape the penalty denounced by the statute because they had not received their appointment directly from the company, or unless the company knew such services were rendered at the request of their authorized agent.

The court erred in giving to the jury instruction No. 4. They should have been instructed in accordance with the terms of the statute, which clearly defines the acts which constitute the agency therein denounced.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent herewith.